**Rita Haydee VILLAR–NAVARRO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70801.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 26, 2009.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Lauren Fascett, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM [**]

Rita Haydee Villar–Navarro, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Villar–Navarro's declaration was materially inconsistent with her testimony regarding whether Shining Path guerrillas physically confronted Villar–Navarro after an alleged train bombing and threatened her and her children with death unless she left Peru. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (petitioner's omission of a "dramatic, pivotal event" from his asylum application supported adverse credibility determination); *Li*, 378 F.3d at 964 (adverse credibility determination is supported where at least one of the identified grounds is supported by substantial evidence and goes to the heart of the claim). Villar–Navarro's explanations for the discrepancy do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Villar–Navarro's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Villar–Navarro's CAT claim is based on testimony the IJ found not credible, and there is no evidence in the record that compels a finding that it is more likely than not she would be tortured if returned to Peru, her CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.